STEVEN GUNN
232 Pope Bend South
Cedar Creek, TX 78612
Tel: (512) 577-8237

Defendant, STEVEN GUNN, In Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN OUTLAW SPIRITS, INC., a Georgia Corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>STEVEN GUNN.<br><br>            Defendants. | CASE NUMBER: CV12-04132-SJO<br><br>[Ctrm. of the Honorable Judge, S. James Otero]<br><br>DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND OTHER RELIEF; DECLARATION OF STEVEN GUNN; ORDER<br><br>DATE: SEPTEMBER 24, 2012<br>TIME: 10:00 A.M.<br>COURTROOM: 1 - 2ND FL. |

TO PLAINTIFF, AMERICAN OUTLAW SPIRITS, INC., AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on September 24, 2012, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom, 1 - 2nd Fl., of the Unites States District Court located at 312 North Spring Street, Los Angeles, CA 90012, Defendant, STEVEN GUNN, will move this Court for an order dismissing Plaintiff's First Amended Complaint for Trademark Infringement, False Designation of Origin and Other Relief

This motion is made on the grounds that the Plaintiff has failed to state claims upon which relief may be granted.

1

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

1  This motion will be further based upon this Notice of Motion, Motion for Dismissal, and the
2  Memorandum In Support, the Declaration of Steven Gunn, and attached Exhibits, all pleadings,
3  records and papers on file and any such oral and documentary evidence which may be offered at the
4  hearing of this motion.

6  Dated: August 16, 2012

7  _____
   STEVEN GUNN
   Defendant In Pro Se

# TABLE OF CONTENTS

Table of Authorities ........................................................................................ Page

I. INTRODUCTION ........................................................................................ 4
II. FACTUAL BACKGROUND ...................................................................... 4
III. ARGUMENT .............................................................................................. 6
   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR TRADEMARK INFRINGEMENT.
   1. Motion to dismiss standard .................................................................. 6
   2. Plaintiff Has Failed to Plead Facts That Amount to a Plausible Claim of a Likelihood of Confusion .............................................. 7
IV. CONCLUSION ........................................................................................... 7

DECLARATION OF STEVEN GUNN ............................................................ 8

# TABLE OF AUTHORITIES

Fed. R. Civ. P. 12(b)(6) .................................................................................... 6

Software for Moving, Inc. v. Frid, ................................................................... 7
    09 CIV 4341 DLC, 2010 WL 2143670 (S.D.N.Y. May 27, 2010)

Sunward Electronics, Inc. v. McDonald, ......................................................... 7
    362 F.3d 17, 25 (2d Cir.2004)

Yankee Pub. Inc. v. News America Pub. Inc., ................................................. 8
    809 F. Supp. 267, 272-73 (S.D.N.Y. 1992)

§43(a) of the Lanham Act ................................................................................ 8

## MEMORANDUM POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

1. By this action, the Plaintiff seeks to obtain a monopoly on the ability to claim trademark ownership of the name JESSE JAMES and thereby demanding exclusive rights to sell beer, whiskey, clothing and any other item it may desire under said name. Plaintiff is thereby attempting to restrict Defendant's valid use of the name JESSE JAMES, by filing its claim for trademark infringement and seeking damages accordingly. In doing so, Plaintiff has stated an inapplicable claim because both names, although similar, derive from two specific individuals, one living (Jesse James Dupree) and the other not living (a famous outlaw) and registered accordingly. Therefore, Plaintiff has failed to adequately and properly plead its claim. Not only has Plaintiff filed an oppressive and anti-competitive complaint against the Defendant, it has done so carelessly. Without addressing the validity and viability of the Plaintiff's mark, which Defendant does not concede, the Defendant moves to dismiss the Plaintiff's First Amended Complaint in its entirety.

### II. FACTUAL BACKGROUND

2. In 2008 and again in 2011, Jesse James Dupree, owner of Big Balls brewing LLC and American Outlaw Spirits Inc, applied for and was granted a trademark under his name, Jesse James, a "living person". Attached hereto under **Exhibits A**, is a true and correct copy of the alleged trademark name "Jesse James" filed February 5, 2007 under serial no. 77099515 as depicted under the Trademark Electronic Search System (TESS) and registered at the United States Patent and Trademark Office . Attached hereto under **Exhibits B**, is a true and correct copy of the alleged trademark name "Jesse James" filed April 28, 2011 under serial no. 85307450 as depicted under the Trademark Electronic Search System (TESS) and registered at the United States Patent and Trademark Office

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

3. As specified in the United States Patent and Trademark Office (hereinafter USPTO) as register, "The name, portrait, and/or signature shown in the mark identifies Jesse James Dupree, whose consent to register is submitted." (see Exhibit A and B)

4. In contrast, Defendant's four legally registered trademarks known as "Jesse James Steak Sauce", "Jesse James Sauces", "Jesse James Bloody Mary Mix", and "Jesse James Beef Jerky", all having the primary name of Jesse James are based on the <u>famous dead outlaw</u>.

5. As noted in the Register, "The name 'Jesse James' does not identify a living individual." Attached hereto under **Exhibits C**, is a true and correct copy of the trademark name "Jesse James Steak Sauce" as depicted under the Trademark Electronic Search System (TESS) and registered at the United States Patent and Trademark Office. Attached hereto under **Exhibits D**, is a true and correct copy of the trademark name "Jesse James Bloody Mary Mix" as depicted under the Trademark Electronic Search System (TESS) and registered at the United States Patent and Trademark Office. Attached hereto under **Exhibits E**, is a true and correct copy of the trademark name "Jesse James Sauce" as depicted under the Trademark Electronic Search System (TESS) and registered at the United States Patent and Trademark Office. Also, attached hereto under **Exhibits F**, is a true and correct copy of the trademark name "Jesse James Beef Jerky" as depicted under the Trademark Electronic Search System (TESS) and registered at the United States Patent and Trademark Office.

6. To further indicate intent as to use of trademarks, the USPTO assigns each to a specific class. Plaintiff's 2007 mark is in International Class 32, beer and light beverages. His 2011 mark is in Class 33, wine and spirits. (Please refer to **Exhibits A and B**).

7. In contrast, Defendant's "Jesse James Beef Jerky" trademark is in Class 29, meats and processed foods. The other 3 marks are in Class 30, staple foods and sauces. (Please refer to **Exhibits C, D, E, and F**).

8. The Trademark Process, as it pertains to this case, does not support Plaintiff's contention that its trademark has "established priority of use." In fact it refutes it.

9. Plaintiff falsely states in its complaint that Defendant operates in the spirits industry and has a trademark, Jesse James Bourbon Whiskey (Complaint ¶ 4:18, lns. 10-13).

5

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**

Application for that mark was made July 25, 2011, but was not acted on and is shown as ABANDONED on the Register. .... a fact known to Plaintiff. No proof or evidence that Defendant has a whiskey product and/or operates in the spirits industry is offered by Plaintiff because there is none. Yet, that is Plaintiffs primary claim of infringement.

10. Further, Plaintiff alleges consumer confusion as to the use of the Jesse James trademark (Complaint ¶ 4:19, lns. 17-19). However, Plaintiff offers no proof of infringement, no example of Defendant's sauces or beef jerky causing confusion amongst consumers. The photo of dead outlaw Jesse James on ALL of Defendant's product labels is not likely to cause any consumer to think of Jesse James Dupree, a living musician, or any products he might be marketing. Attached hereto under **Exhibits G**, is a true and correct photo copy of the label of Defendant's product lines under the name of Jesse James.

11. Plaintiffs claim of trademark infringement is frivolous, malicious, and without foundation and merits immediate dismissal. Defendant is in compliance to the registration of its trademarks under said statutory provisions of Lanham Act 15 U.S.C. § 1051. Defendant's legally registered trademarks permit Defendant to market his products anywhere and through any sales outlets of his choice.

### III. ARGUMENT

**PLAINTIFF HAS FAILED TO STATE A CLAIM FOR TRADEMARK INFRINGEMENT.**

**1.  Motion to dismiss standard**

The standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is well known to this Court:

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. This rule does not require detailed factual allegations, but a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do ....

A trial court considering a Rule 12(b)(6) motion accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the plaintiffs favor. To survive dismissal, a complaint must allege a plausible set of facts sufficient 'to raise a

right to relief above the speculative level. In other words, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Applying the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Software for Moving, Inc. v. Frid, 09 CIV 4341 DLC, 2010 WL 2143670 (S.D.N.Y. May 27, 2010) (internal quotations and citations omitted). As demonstrated below, plaintiff cannot meet the standard for pleading a plausible cause of action for trademark infringement or unfair competition here, and its complaint should be dismissed.

Plaintiff's cause of action is trademark infringement, and false designation of origin in connection with defendants' alleged use of the alleged marks. To prevail on a trademark claim based on an unregistered trademark, a plaintiff "must demonstrate that its unregistered ... trade name is distinctive and that numerous ordinary prudent purchasers are likely to be misled or confused as to the source of the product in question." Sunward Electronics, Inc. v. McDonald, 362 F.3d 17, 25 (2d Cir.2004). Because as a matter of law plaintiff can establish neither the existence of a valid mark nor a likelihood of confusion in this action, defendants are entitled to an order dismissing their complaint.

2. **Plaintiff Has Failed to Plead Facts That Amount to a Plausible Claim of a Likelihood of Confusion**

Plaintiff's claim cannot succeed on the merits because even under the facts as pled plaintiff cannot, as a matter of law, show that the defendants' use of the alleged trademarks is likely to cause confusion, mistake, or deception. That other than the use of the name "Jesse James (which represents different individuals, one living and the other a deceased legend), the symbols, locations, and products the name "Jesse James" represents are different. Not only is such use not infringing, it is expressive activity protected by the First Amendment, and plaintiff's claim that for trademark infringement should be dismissed.

A trademark owner's rights are violated only where the unauthorized use "has a substantial capacity to mislead consumers (or other concerned actors in the marketplace) into

a confusion as to the entity furnishing the goods or services." <u>Yankee Pub. Inc. v. News America Pub. Inc.</u>, 809 F. Supp. 267, 272-73 (S.D.N.Y. 1992). Under 43(a) of the Lanham Act, which protects against trademark likelihood of confusion not only as to source, but also as to affiliation, connection, sponsorship, association, or approval, of the use of the alleged trademarks.

## IV. CONCLUSION

Wherefore, for the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's First Amended Complaint and be precluded from inciting further acts of harassment against Defendant for use of said name.

Defendant further asks to be awarded attorney's fees, punitive damages and all other relief the Court deems appropriate.

Dated: August 16, 2012            Respectfully Submitted

                                  _____
                                  STEVEN GUNN
                                  Defendant In Pro Se

## DECLARATION OF STEVEN GUNN

1. I am the Defendant in this action and make this declaration based upon my own personal knowledge. If called upon as witness I could and would competently testify to the truth of the statements made herein.

2. This motion is brought to this Court in good faith with no intention to harass the Plaintiffs or cause delay of this action.

3. I have reviewed the Introduction, the Factual Background, and the Arguments incorporated within these moving papers and declare that the facts stated and the arguments made are true and correct. I further declare that the document under Exhibit A through G, are a true and correct copy of a copy or of the original document.

4. I further respectfully request the Court to impose against Plaintiff an award to me by way of attorney's fees, punitive damages, and all other relief the Court deems appropriate for Plaintiff's filing of this frivolous claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 6, 2012

STEVEN GUNN
Defendant In Pro Se

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA        )
                           )
COUNTY OF LOS ANGELES      )ss.

I am a resident in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21243 Ventura Blvd., Suite 116, Woodland Hills, CA 91364

On August __21__, 2012, I personally served the foregoing document described as:

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND OTHER; DECLARATION OF STEVEN GUNN, ORDER

on the party named below or a person or persons authorized to accept said service as follows:

Mandour & Associates, APC
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127

[ ] (BY FAX) to the above-named counsel/party at the FAX number set forth above.

[ ] (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, CA, in the ordinary course of business

[X] (BY MAIL) I deposited such envelope on August __21__, 2012 in the mail at Woodland Hills, California.

[ ] (BY PERSONAL SERVICE) I caused the above document to be delivered by hand at the Superior Court of California in the courtroom of the hearing in this matter.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (Federal) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated: August __21__, 2012

_____
ARMANDO CARRILLO
Declarant

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**

**EXHIBIT A**

## Re: Dismissal

From: **JJS Co. / Steve** (sgunn4@austin.rr.com)
Sent: Thu 8/09/12 2:09 PM
To: Public Documents Plus (publicdocumentsplus@live.com)

[TARR Status] [ASSIGN Status] [TDR] [TTAB Status] *( Use the "Back" button of the Internet Browser to return to TESS)*

# JESSE JAMES

| | |
|---|---|
| Word Mark | JESSE JAMES |
| Goods and Services | IC 032. US 045 046 048. G & S: beer. FIRST USE: 20060801. FIRST USE IN COMMERCE: 20060801 |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 77099515 |
| Filing Date | February 5, 2007 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | October 2, 2007 |
| Registration Number | 3355112 |
| Registration Date | December 18, 2007 |
| Owner | (REGISTRANT) Big Balls Brewing, LLC LIMITED LIABILITY COMPANY FLORIDA 1480 Old Highway 41 NW Kennesaw GEORGIA 30152 |
| | (LAST LISTED OWNER) AMERICAN OUTLAW SPIRITS INCORPORATED CORPORATION GEORGIA 1480 OLD HIGHWAY 41 NW KENNESAW GEORGIA 30152 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Mark D. Passler |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Other Data | "The name(s), portrait(s), and/or signature(s) shown in the mark identifies Jesse James Dupree, whose consent(s) to register is submitted." |
| Live/Dead Indicator | LIVE |

[TARR Status] [ASSIGN Status] [TDR] [TTAB Status] *( Use the "Back" button of the*

Case 1:12-cv-01025-LY   Document 17   Filed 08/27/12   Page 14 of 14

**EXHIBIT B**