| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |
|---|---|---|

**CASE NO.:** CV 12-04132 SJO (VBKx)  **DATE:** November 6, 2012

**TITLE:** American Outlaw Spirits, Inc. v. Steven Gunn

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                        Not Present
Courtroom Clerk                                      Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION, IMPROPER VENUE IN THE ALTERNATIVE, CHANGE OF VENUE PURSUANT TO 28 U.S.C. § 1404** [Docket No. 22]

This matter is before the Court on Defendant Steven Gunn's ("Defendant") Motion to Dismiss for Lack of Jurisdiction, Improper Venue, in the Alternative, Change of Venue Pursuant to 28 U.S.C. § 1404 ("Motion"), filed on October 5, 2012. Plaintiff American Outlaw Spirits, Inc. ("Plaintiff") filed an Opposition on October 19, 2012. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for November 12, 2012. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the owner of the JESSE JAMES trademark, registered under U.S. Trademark Registration No. 3,355,112. (Compl. ¶ 8, ECF No. 1.) Plaintiff began using the trademark in 2006, and currently continues to use the trademark in marketing its beer, whiskey, and clothing products. (Compl. ¶¶ 8, 9.) Plaintiff registered the mark with the United States Patent and Trademark Office in 2007. (Compl. Ex. B, at 1.)

Between 2008 and 2011, Defendant filed five trademark applications with the United States Patent and Trademark Office for (1) JESSE JAMES STEAK SAUCE; (2) JESSE JAMES BEEF JERKY; (3) JESSE JAMES BLOODY MARY MIX; (4) JESSE JAMES SAUCES; and (5) JESSE JAMES BOURBON WHISKEY. (Compl. ¶¶ 12-16.) It is not apparent from the pleadings whether these applications have been granted.

While Defendant maintains the website JesseJamesSauces.com, Defendant uses the website to refer visitors to his corporate location in Texas and does not use it to sell Jesse James products. (Mot. 11-12 ("Gunn Decl.") ¶ 9.) Defendant has not conducted any sales, sales promotion, or advertising of his Jesse James products in California. (Gunn Decl. ¶ 6.) While Rizor Foods of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   **CV 12-04132 SJO (VBKx)**          DATE:  **November 6, 2012**

Vina, CA ("Rizor") advertised a job position for the sale and distribution of Defendant's Jesse James products throughout California, Rizor has no affiliation with Defendant and had purchased Defendant's product directly from Najor Foods, Inc., a broker in Michigan. (Gunn Decl. ¶ 8.) Defendant has never established or maintained a place of business in California. (Gunn Decl. ¶ 5.)

Plaintiff initiated this action on May 11, 2012, in the United States District Court for the Central District of California against Defendant for unauthorized use of the JESSE JAMES and JESSE JAMES BOURBON WHISKEY trademarks. (Compl. ¶ 24.) Plaintiff asserts four causes of action against Defendant: (1) false designation of origin and trademark infringement under the Lanham Act; (2) state law unfair competition; (3) common law unfair competition; and (4) denial of trademark applications and/or cancellation of trademark registrations pursuant to 15 U.S.C. § 1119. (Compl. ¶¶ 5-6.)

Plaintiff attempted to serve Defendant with the Summons and Complaint on several occasions at Defendant's residence in Cedar Creek, Texas, without any success. (Decl. of Ben T. Lila in Supp. of Pl.'s Opp. to Mot. ("Lila Decl.") Ex. A, at 1.) At that point, Defendant stated that he did not live at that address, that he inherited it, and that he "lives more" in New York than in Texas. (Lila Decl. Ex. A, at 1.) Despite Defendant's statements, Defendant was finally served on June 4, 2012, at his residence in Cedar Creek, Texas. (Proof of Service, ECF No. 7.)

On August 27, 2012, Defendant moved to dismiss Plaintiff's Complaint ("12(b)(6) Motion") for failure to state a claim for which relief could be granted. (12(b)(6) Mot., ECF No. 17.) In his 12(b)(6) Motion, Defendant did not raise the issues of personal jurisdiction or venue. (12(b)(6) Mot.) This Court denied Defendant's 12(b)(6) Motion on September 21, 2012. (Order, ECF No. 21.) Defendant filed the instant Motion on October 5, 2012.

II.     DISCUSSION

Defendant argues that (1) California does not have personal jurisdiction over Defendant because Defendant does not maintain minimum contacts with California and (2) venue does not lie in the Central District of California because (a) Defendant is not a resident of California and (b) the events giving rise to the claim occurred in Texas. (Mot. 6-7.) Alternatively, Defendant seeks to transfer the case to the Western District of Texas because (1) the majority of potential witnesses are located in Texas; (2) the residence of the parties favor transfer to Texas; and (3) all sales that are the subject of the present litigation occurred in Texas. (Mot. 9-10.)

Plaintiff contends that (1) Defendant's objections to personal jurisdiction and venue are waived as a matter of law; (2) California has personal jurisdiction over Defendant, and venue is appropriate in the Central District of California because Plaintiff's products were intended to be distributed throughout California; (3) change of venue is improper because (a) Defendant has claimed that he lives in New York more than in Texas and (b) Defendant travels so frequently that venue in California would not be inconvenient; and (4) Plaintiff failed to meet his burden of production in requesting a change of venue. (*See generally* Opp'n, ECF No. 24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: **CV 12-04132 SJO (VBKx)**     DATE: **November 6, 2012**

    A.    <u>Defendant's Motion to Dismiss</u>

Under the Federal Rules of Civil Procedure ("Federal Rules"), a party may not bring a second motion under Rule 12 that raises a defense originally available to the party but omitted from its earlier objection. Fed. R. Civ. P. 12(g)(2). More specifically, motions pursuant to Rules 12(b)(2) and 12(b)(3) are waived if not raised in a prior Rule 12 motion. Fed. R. Civ. P. 12(h)(1).

Defendant previously brought a Rule 12(b)(6) motion challenging Plaintiff's claim for relief. In that motion, Defendant did not raise any objection to either personal jurisdiction or venue. (*See generally* 12(b)(6) Mot.) Therefore, Defendant has waived his rights to object to personal jurisdiction or venue, and his current Motion pursuant to Federal Rules 12(b)(2) and 12(b)(3) is barred.

    B.    <u>Defendant's Motion to Transfer</u>

For the convenience of parties and witnesses and in the interest of justice, a district court may transfer a civil case to any other district where it could have originally been filed. 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1404, a court must conduct a two part analysis to determine if transfer is appropriate. *Kierstead v. Experian Info. Solutions, Inc.*, No. CV 10-1694, 2011 WL 1375361, at *1 (C.D. Cal. Apr. 11, 2011). As a preliminary matter, the court must determine whether the action could have originally been filed in the transferee court. *Id*. Second, the court must perform an individualized, case-by-case determination of convenience and fairness to determine whether the case should be transferred. *Id*.; *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The moving party bears the burden of showing that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.1979).

        1.    <u>Propriety of Venue in the Transferee Court</u>

In order to determine whether Plaintiff's action might have been brought in the transferee court—here the Western District of Texas—Defendant must show that at the time the lawsuit was filed (1) the proposed transferee court possessed subject matter jurisdiction over the action; (2) venue would have been proper in the transferee court; and (3) Defendant would have been subject to personal jurisdiction in the transferee court. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *see also Painter's Dist. Council No. 30 Health & Welfare Fund v. Amgen, Inc.*, CV 07-3880, 2007 WL 4144892, at *3 (C.D. Cal. Nov. 13, 2007).

First, the Western District of Texas has subject matter jurisdiction for the same reason that this Court has subject matter jurisdiction: the present cause of action raises a federal question under the Lanham Act. *See* 28 U.S.C. § 1338.

CASE NO.: **CV 12-04132 SJO (VBKx)**          DATE: **November 6, 2012**

Second, venue is proper in the Western District of Texas. Under 28 U.S.C. § 1391, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391.

Defendant is a resident of Texas. (Proof of Service; Mot. 9.) Plaintiff argues that Defendant does not claim that he is a resident of Texas in his declaration, and that failure to do so indicates that Defendant is not a resident of Texas. (Opp'n 5.) Plaintiff also argues that Defendant stated that he does not live in the Western District of Texas and lives in New York more than in Cedar Creek, Texas. (Opp'n 5.) Plaintiff admits, however, that Defendant's statements regarding his residency were made "[w]hile seeking to frustrate service of process." (Opp'n 4.) Considering that Defendant was served at his residence in Texas and that Defendant's business operates in Texas, the Court does not find Plaintiff's arguments persuasive. Further, because Defendant is proceeding *in propia persona*, his pleadings will be construed more liberally, and the Court will not consider Defendant's failure to state his residency in his declaration detrimental to his Motion. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[P]ro se document[s] [are] to be liberally construed" and "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'").

Additionally, a substantial part of the events or omissions giving rise to the claim occurred in Texas. Defendant's principal place of business is located in the Western District of Texas (Gunn Decl. ¶ 7), and Defendant's website does not directly sell his products, but rather refers interested parties to the Jesse James corporate office in Texas (Gunn Decl. ¶ 9).

Finally, Texas has personal jurisdiction over Defendant. A court may exercise personal jurisdiction over residents as well as non-resident defendants that have sufficient "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). In the instant case, Defendant is a resident of Texas. (Mot. 9; Proof of Service.) Even if Defendant was not considered a resident of Texas, he has pleaded sufficient information to satisfy the minimum contacts test. Considering that Defendant established his business and sells his Jesse James products in Texas, he purposefully availed himself of the jurisdiction of Texas. (Gunn Decl. ¶ 7.) Therefore, the action could have originally been filed in the Western District of Texas.

        2.      <u>Convenience and Fairness</u>

"Once a court determines that an action might have been brought in the potential transferee court, the [C]ourt must make an individualized, case-by-case determination of convenience and fairness" by considering various private and public interests. *Fontaine v. Wash. Mut. Bank, Inc.*, No. CV-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:   **CV 12-04132 SJO (VBKx)**         DATE:  **November 6, 2012**

08-5659, 2009 WL 1202886, at *3 (C.D. Cal. Apr. 30, 2009); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). In determining the convenience and fairness of litigating in a particular court, a court may consider the following factors: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). These factors are not exclusive, and no single factor is determinative. *Id.*

Defendant primarily argues that the location of potential witnesses, the residence of the parties, and the location of the operative events all favor transfer. (Mot. 9-10.) The Court agrees. Plaintiff has named one potential witness (Rizor) that is supposedly domiciled in California. (Opp'n 5.) While Defendant does not name any non-party potential witnesses that reside in the Western District of Texas, Defendant resides in, and has its principal place of business in that district. (Gunn Decl. ¶ 7.) When considering the convenience to the witnesses, the court may consider both party and non-party witnesses. *Vista Health Plan, Inc. v. Amgen*, No. 7-3711, 2007 WL 4144893, at *4 (C.D. Cal. Nov. 13, 2007); *Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1160 (S.D. Cal. 2005). While the convenience to non-party witnesses is typically given more weight than the convenience to party witnesses, the court must ultimately consider more than just the number and location of each party's witnesses. *Id.* Instead, the court must focus on the importance of each individual witness. *Id.* While Rizor is domiciled in California, Plaintiff has not indicated that, or explained why Rizor's testimony is of great importance. (Opp'n 5.) Because Defendant has failed to name any non-party witnesses and because Plaintiff has failed to indicate the importance of its non-party witness, this factor is inconclusive as to whether transfer is appropriate.

The vast majority of events giving rise to the present lawsuit occurred in the Western District of Texas. Defendant's business is located in the Western District of Texas. (Gunn Decl. ¶ 7). Further, Defendant's website does not sell Defendant's products, but rather refers visitors to Defendant's corporate office in Texas. (Gunn Decl. ¶ 9.) As a result, all of the relevant documents and records are located in the Western District of Texas. (Gunn Decl. ¶ 7.) Because a claim under the Lanham Act must assert that the defendant used the plaintiff's mark in commerce without authorization, the underlying actions necessarily occur where the product was manufactured or sold. As discussed above, Defendant's products are strongly tied to Texas. By contrast, hardly any events giving rise to the lawsuit occurred in California. The only connection that this case has with California is Rizor's advertisement seeking California distributors of Defendant's Jesse James products. (Compl. Ex. A.) Therefore, significantly more events giving rise to the underlying claim occurred in Texas. This favors transfer.

Finally, it seems that neither party has particularly strong contacts with California. Plaintiff is a Georgia corporation with a principal place of business in Kennesaw, Georgia. (Compl. ¶ 2.)

| | |
|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT** |
| | **CENTRAL DISTRICT OF CALIFORNIA** |

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 12-04132 SJO (VBKx)</u>       **DATE:** <u>November 6, 2012</u>

Defendant is a resident of Texas (Compl. ¶ 3), who owns a business with a principal place of business in Texas (Gunn Decl. ¶ 7).  Defendant did not conduct "any sales, sales promotion, or advertising in California."  (Gunn Decl. ¶ 6.)  Additionally, the only event in this case that was directed at California was Rizor's advertisement.  Rizor had no affiliation with either party.  (Gunn Decl. ¶ 8.)  The fact that neither party has clear contacts with California weighs in favor of transfer.

The Court finds that, in the interest of convenience and fairness, transfer is appropriate.  Witnesses and evidence may primarily be located in Texas, the vast majority of actions giving rise to the present lawsuit occurred in Texas, and neither party has strong contacts with California.

II.     <u>RULING</u>

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion.  The Court **TRANSFERS** venue to the United States District Court for the Western District of Texas.

IT IS SO ORDERED.